## 59269. LAKEVIEW ESTATES HOMEOWNERS CORPORATION, INC. et al. v. HILLTOP ENTERPRISES OF GEORGIA, INC.

BANKE, Judge.

The appellee, Hilltop Enterprises of Georgia, Inc., filed a series of suits against numerous residents of the Sunrise Lakes Subdivision in Rockdale County to collect water, sewer, maintenance, and recreation fees allegedly due on account. The defendant subdivision residents, appellants in this court, filed answers denying any indebtedness and counterclaimed for an accounting of funds which the appellee and its corporate predecessors had previously collected as owners and managers of the subdivision's water and sewer system. Subsequently, appellant James H. Lewis filed a class-action suit on behalf of himself and the other owners in the subdivision, seeking, among other things, to recover water and sewer fees collected by appellee pursuant to certain allegedly unlawful rate increases.

All of the above suits were consolidated by order of the trial court. The appellants subsequently amended their answers and counterclaims to add a count seeking to have the rate increases declared unreasonable and to have a reasonable fee set in lieu thereof, and the appellee subsequently dismissed its original complaints against the appellants. Based on a stipulation of facts entered into by the parties pursuant to a pretrial order, the trial court dismissed those portions of the appellants' pleadings which sought a determination of the reasonableness of the water and sewer fees. The court took this action based on its opinion that such an adjudication would be beyond its authority and jurisdiction and, in addition, "because the First Pennsylvania Bank, holder to title to the land upon which is located the sediment pond, tanks and treatment

facilities, is not a party to the within suit, it appearing that such party was dismissed from this suit with prejudice . . ."

This appeal followed the outcome of a jury trial held on the counterclaim filed by appellant W. L. Swisher, wherein he alleged that the appellee had damaged him by negligently allowing raw sewage to flow upon his property. The trial court excluded Swisher's testimony as to the amount of the alleged diminution in the value of his land and subsequently directed a verdict against him for lack of evidence on this issue. The appellants appealed to the Supreme Court, which promptly transferred the case here.

The stipulations of fact entered into by the parties reveal that appellee Hilltop owns the lines, facilities, and equipment comprising the water and sewer system. However, the subdivision itself, including the land on which most of the water and sewer facilities are located, is owned by First Pennsylvania Bank, which acquired the title by foreclosure from the previous owners. Hilltop has an agreement with the bank to provide water and sewer services to the subdivision, but their contract is silent with respect to the rates to be charged. Hilltop has no agreement or contract with the appellants whatsoever.

Earlier owners and managers of the subdivision represented to prospective purchasers that adequate water and sewer services would be provided at "reasonable" rates. Since July of 1974, the monthly charge for these services has increased from a flat rate of $7.50 per month to a flat rate of $25.00 per month. Restrictive covenants specifically disallow the installation of wells and septic tanks by the property owners, a substantial portion of whom are elderly and retired persons.

The issues in this appeal are whether First Pennsylvania Bank was an indispensable party to an adjudication of the appellants' request to have the water and sewer rates declared unreasonable and whether the trial judge erred in excluding appellant Swisher's value testimony. *Held:*

1. It is clear from the above stipulations that any duty which the appellee might be under to provide water

and sewer services to the appellants arises solely from its contract with First Pennsylvania Bank, since the appellee has no contract with the appellants. As indicated above, the contract with the bank specifies nothing about the rates to be charged. While it might be argued that the appellee has an implied obligation to the bank to provide these services to the residents at reasonable rates, we cannot make such a determination without adjudicating the bank's rights under the contract. The bank would clearly be an indispensable party to such an adjudication. See Code Ann. § 81A-119 (a) (2) (i). Accordingly, even assuming that this claim for relief is otherwise legally cognizable, the trial court did not err in dismissing it from the litigation pursuant to Code Ann. § 81A-119 (b) due to the appellants' failure to retain the bank as a party.

2. The trial court did not err in directing a verdict for the appellee on the negligence portion of appellant Swisher's counterclaim. Regardless of whether a proper foundation was laid to support the appellant's testimony as to the value of his property pursuant to Code § 38-1709, the exclusion of that testimony does not constitute reversible error because no offer of proof was made. "[T]here is no legal ground to complain of the failure to admit certain evidence or testimony where it is not shown what the evidence or testimony would have been. *Mulcay v. Mulcay,* 223 Ga. 309 (2) (154 SE2d 607)." *Grant v. Bell,* 150 Ga. App. 141, 145 (2) (257 SE2d 12) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 17, 1980 — DECIDED
FEBRUARY 6, 1980.

*W. D. Ballard, Samuel D. Ozburn,* for appellants.
*Sidney L. Nation,* for appellee.